## Commonwealth v. Loos

*John S. Lewis*, for appellant.
*Joseph S. Lilienthal*, for Commonwealth.

DALTON, J., May 16, 1949.—This matter is before us on appeal from the action of the Secretary of Revenue, who suspended appellant's operating privileges on a charge that he had operated his motor vehicle at an unlawful rate of speed. Under the circumstances of the case it was incumbent on the Commonwealth to show that appellant's rate of speed had been timed "for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation.": The Vehicle Code of May 1, 1929, P. L. 905, sec. 1002 (*d*), as amended, 75 PS §501d.

The officer who made the arrest testified that the speedometer of the car he was driving had been "tested" on July 19, 1948, which was within the 30-day period.

It does not appear that the officer was present at the time the "test" was made, but in any event the officer did not state by whom the test had been made, the nature of the test or what the test revealed. All he said was that the speedometer had been "tested". It may conceivably have been "tested" for a variety of purposes or in a variety of ways, but certainly there is nothing in the officer's testimony to show that it had been *tested for accuracy,* as the statute requires.

The Commonwealth also offered in evidence a certificate from an alleged official speedometer testing station. This certificate was admitted in evidence over appellant's objection, subject to a later ruling by the court. The certificate, so far as pertinent here reads as follows:

"This is to certify that Electric Equipment & Service Co., 613 Linden Street, Allentown, Penna., has received notification of designation as an Official Speedometer Testing Station from David W. Harris, Secretary of Revenue and on July 19, 1948 tested and found the
                                                    made
speedometer in the Ford motor vehicle bearing registration plate number 33170 and manufacture's serial number 799 A 1930213."

Section 1002(*d*), as amended, provides that "An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, the date thereof and the degree of accuracy of such speedometer after adjustment, shall be competent and prima facie evidence of the fact . . . of the accuracy of the speedometer . . ." To be admissible and competent proof under the act of assembly, the certificate, in addition to the date, must show three essential things: (1) That the speedometer was tested for accuracy; (2) that it was adjusted for accuracy, and (3) the degree of accuracy after adjustment. The certificate in the present case

contains none of these essentials. It merely states that the speedometer was "tested". Even if we assume that this means "tested for accuracy", the certificate does not show either of the other two requirements. All that appears is that the testing station "tested and found the speedometer". Consequently the certificate made does not comply with the act of assembly and is not competent proof.

The Commonwealth has not made out a prima facie case.

And now, May 16, 1949, the appeal is sustained and the order of the Secretary of Revenue is reversed.

And now, May 16, 1949, an exception is allowed the Commonwealth and bill sealed.